Case 2:22-cv-00055 Document 18 Filed on 02/23/23 in TXSD Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
February 23, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CYNTHIA MARTINEZ GARCIA, § § Plaintiff, § § VS. § KILOLO KIJAKAZI, § § Defendant. § | CIVIL ACTION NO. 2:22-CV-00055 |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Plaintiff Cynthia Garcia filed her complaint (D.E. 1), seeking judicial review of the administrative decision to deny her social security disability benefits. The Commissioner filed an answer (D.E. 9) and the parties then submitted their briefs (D.E. 12, 14, 15). On October 19, 2022, United States Magistrate Judge Mitchel Neurock issued his Memorandum and Recommendation (M&R, D.E. 16), recommending that the Commissioner's decision be affirmed and that this case be dismissed. Now before the Court are Garcia's objections (D.E. 17) to the M&R. For the reasons discussed below, the Court **OVERRULES** Garcia's objections and **ADOPTS** the findings and conclusions in the M&R.

### BACKGROUND AND PROCEDURAL HISTORY

On April 1, 2020, Garcia filed applications for a period of disability, disability insurance benefits, and supplemental security income. D.E. 10-3, p. 12. Her claims are based on back pain, diabetes, anxiety, depression, diabetic neuropathy, coughing (reflux),

sciatic pain, and dyslexia. She alleges inability to function and/or work as of June 15, 2017. D.E. 10-4, p. 13. Garcia's applications have been denied at every level of review preceding the objections before this Court because there is medical evidence that contradicts Garcia's claims.[1]

## STANDARDS OF REVIEW

### A. Magistrate Judge's Memorandum and Recommendation

The district court conducts a de novo review of any part of the magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). As to any portion for which no objection is filed, the court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

### B. Administrative Determination

Judicial review of the Commissioner's final decision is limited to whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Martinez v. Chater,* 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). Substantial evidence is more than a scintilla, but less than

---

[1] The Commissioner denied Garcia's initial application on June 4, 2020, and subsequently denied her application on reconsideration on August 28, 2020. D.E. 10-3, p. 12. On July 26, 2021, the ALJ held a hearing and issued an unfavorable decision on August 23, 2021. *Id*. Subsequently, on March 17, 2022, Garcia commenced this action. D.E. 1. On October 19, 2022, the Magistrate Judge recommended that this Court affirm the TALJ's decision. D.E. 16.

a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986) (quoting *Parsons v. Heckler*, 739 F.2d 1334, 1339 (8th Cir. 1984)).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial evidence standard, a court must carefully examine the entire record, but may not reweigh the evidence or try the issues de novo. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## DISCUSSION

First, Garcia objects to the M&R's finding that the ALJ's retained functional capacity (RFC) determination was supported by substantial evidence. D.E. 17, pp. 2-6.

Garcia maintains that the ALJ improperly discounted the opinion of Family Nurse Practitioner (FNP) Barbara Black and substituted her own medical judgments in determining that Garcia has the ability to handle and finger frequently. *Id*.

The responsibility for determining a claimant's RFC lies with the ALJ. *See Villa v. Sullivan*, 895 F.2d 1019, 1023 (5th Cir. 1990). The ALJ is not required to incorporate limitations in the RFC that the ALJ did not find the record supported.[2] "The ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) (internal quotations omitted).

Here, the ALJ properly considered the evidence as a whole in making the RFC assessment that included frequent handling and fingering. The ALJ explained why she discounted the opinion of FNP Black in coming to her conclusion, stating that FNP Black completed her assessment predominantly by using statements from Garcia instead of conducting her own objective evaluation; the ALJ's assessment is supported by FNP Black's records which contain quotation marks around her notations. D.E. 10-3, p. 24; D.E. 10-15, p. 4. The ALJ also discounted FNP Black's opinion because of her use of checkmark forms without evidentiary support, which is appropriate under Fifth Circuit precedent. *See* D.E. 10-3, p. 24; *DeJohnette v. Berryhill*, 681 F. App'x 320, 321-22 (5th Cir. 2017). The ALJ found that while the record showed Garcia experienced some swelling in her thumbs

---

[2] *See Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) ("The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record."); *Greenspan*, 38 F.3d at 237 ("Accordingly, when good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony. The good cause exceptions we have recognized include disregarding statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence.").

and hands, there was no objective evidence of complete incapacitation of Garcia's hands. D.E. 10-3, p. 24.

The ALJ discussed the evidence in the record in making her RFC determination and adequately explained the reasoning for such determination and for giving less weight to certain evidence; she appropriately exercised her responsibility as factfinder in weighing the evidence and in choosing to incorporate limitations into her RFC assessment that were most supported by the record. *See, e.g., Muse*, 925 F.2d at 790. The Court therefore finds that there is substantial evidence in the record that supports the ALJ's RFC determination and Garcia's first objection is **OVERRULED**.

Second, Garcia objects to the M&R's finding that remand would serve no purpose because the vocational witness testified that there are jobs which she can perform even if the RFC determination were different. D.E. 17, p. 7. Garcia is arguing that if the ALJ's RFC determination were incorrect, remand would not be moot. *Id*. Because the Court has found that the ALJ did not err in her RFC determination, the Court need not address whether remand would be moot. Garcia's second objection is therefore **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Garcia's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Garcia's

objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, the Court **AFFIRMS** the Commissioner's decision, and Garcia's action (D.E. 1) is **DISMISSED**.

ORDERED on February 23, 2023.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE